IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HILDEGARD I. SARTIN,                    )
                                        )
                 Plaintiff,             )
                                        )    CIVIL ACTION
v.                                      )
                                        )    No. 06-4088-JAR-JTR
                                        )
MICHAEL J. ASTRUE,[1]                   )
Commissioner of Social Security,        )
                                        )
                 Defendant.             )
_____ )

REPORT AND RECOMMENDATION

Plaintiff seeks review of a final decision of the
Commissioner of Social Security (hereinafter Commissioner)
denying disability insurance benefits under sections 216(i) and
223 of the Social Security Act.  42 U.S.C. §§ 416(i) and
423(hereinafter the Act).  The matter has been referred to this
court for a report and recommendation.  The court recommends the
Commissioner's decision be REVERSED and the case be REMANDED
pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further
proceedings in accordance with this opinion.

_____

[1]On Feb. 12, 2007, Michael J. Astrue was sworn in as
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is
substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C.
§ 405(g), no further action is necessary.

## I.    Background

Plaintiff's application for disability insurance benefits was denied initially and upon reconsideration.  (R. 25, 34, 35). An Administrative Law Judge (ALJ) held a hearing at which plaintiff was represented by an attorney.  (R. 25, 629-88).  At the hearing, testimony was taken from plaintiff, a medical expert, and a vocational expert.  (R. 25, 629, 630).  On Dec. 19, 2005, the ALJ issued a decision, finding plaintiff is able to perform a substantial number of jobs existing in the economy, and denying plaintiff's application.  (R. 25-33).

Plaintiff sought and was denied review by the Appeals Council.  (R. 20, 8-11).  Therefore, the ALJ's decision is the final decision of the Commissioner, subject to judicial review. (R. 8); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003). Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C. § 405(g).  "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  Id. The court must determine whether the findings are supported by substantial evidence in the record and whether the correct legal standard was applied.  White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, and is satisfied by such evidence as a

reasonable mind might accept to support the conclusion. <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." <u>White</u>, 287 F.3d at 905 (quoting <u>Casias v. Sec'y of Health & Human Serv.</u>, 933 F.2d 799, 800 (10th Cir. 1991)). However, the determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if she can establish that she has an impairment which prevents her engaging in substantial gainful activity and is expected to result in death or to last for twelve months. The impairment must be of such severity that claimant is not only unable to perform her previous work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. § 404.1520 (2005); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir. 2004); <u>Ray</u>, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled,

-3-

evaluation under a subsequent step is not necessary." <u>Williams</u> <u>v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset of her disability, whether she has severe impairments, and whether the severity of her impairments meets or equals any listing in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). <u>Id.</u> at 750-51. If plaintiff's impairment does not meet or equal a listed impairment, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the process. <u>Id.</u>

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. <u>Williams</u>, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in weighing numerous medical opinions in the record (including the opinions of the state

-4-

agency consultants, the medical expert, and nine other physicians and a social worker), erred in evaluating the credibility of plaintiff's allegations of disabling symptoms, and erred in assessing plaintiff's RFC.  The Commissioner acknowledges that the ALJ made numerous factual and legal errors in reaching the decision, but argues that the errors were harmless, the decision is in substantial compliance with the sequential evaluation process propounded by the Commissioner, substantial evidence in the record as a whole supports the Commissioner's decision, and, therefore, the decision should be affirmed.  Because the Commissioner acknowledges errors in the decision, and because the court cannot find that the errors are harmless, the court recommends that the decision be reversed and the case be remanded to the Commissioner for a proper application of the sequential evaluation process in light of the facts as they are revealed in the record.  Because the Commissioner concedes legal and factual errors both in weighing the medical opinions and in evaluating the credibility of plaintiff's allegations, the court begins with an analysis of those issues.

**III. Evaluating Medical Opinions**

Opinions from any medical source must not be ignored and will be evaluated by the Commissioner in accordance with factors contained in the regulations.  20 C.F.R. § 404.1527(d); <u>Soc. Sec. Ruling</u> (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings

-5-

123-24 (Supp. 2006).  When the Commissioner does not give
controlling weight to a treating physician's opinion on the
nature and severity of the claimant's impairment(s), the
Commissioner will apply certain regulatory factors in determining
the weight to be given to that medical opinion.  20 C.F.R.
§ 404.1527(d)(2)(I, ii) & (d)(3-6).  Those factors are:  (1) the
length of the treatment relationship and the frequency of
examination; (2) the nature and extent of the treatment
relationship, including the treatment provided and the kind of
examination or testing performed; (3) the degree to which the
physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon
which an opinion is rendered; and (6) other factors brought to
the ALJ's attention which tend to support or contradict the
opinion.  Id. at § 404.1527(d)(2-6); see also Goatcher v. Dep't
of Health & Human Serv., 52 F.3d 288, 290 (10th Cir. 1995).

A physician who has treated a patient frequently over an
extended period of time is expected to have greater insight into
the patient's medical condition, and that physician's opinion
will generally be given greater weight than other medical
opinions.  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).
"[T]he opinion of an examining physician who only saw the
claimant once is not entitled to the sort of deferential

-6-

treatment accorded to a treating physician's opinion." _Id._ at 763 (citing _Reid v. Chater_, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of examining physicians are generally entitled to more weight than the opinions of physicians who have merely reviewed the medical record. _Robinson v. Barnhart_, 366 F.3d 1078, 1084 (10th Cir. 2004); _Talbot v. Heckler_, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing _Broadbent v. Harris_, 698 F.2d 407, 412 (10th Cir. 1983), _Whitney v. Schweiker_, 695 F.2d 784, 789 (7th Cir. 1982), and _Wier ex rel. Wier v. Heckler_, 734 F.2d 955, 963 (3d Cir. 1984)).

Nonetheless, all evidence from nonexamining physicians such as state agency physicians and medical experts is considered opinion evidence.  20 C.F.R. § 404.1527(f).  ALJ's are not bound by such opinions but must consider such opinions, except for opinions regarding the ultimate issue of disability.  _Id._, § 404.1527(f)(2)(I).  Such opinions must be evaluated using the regulatory factors enumerated above, and the ALJ must explain in the decision the weight given those opinions.  _Id._, § 404.1527(f)(2)(ii & iii).

Plaintiff claims the ALJ:  erred in failing to properly discuss the reasons for, and the regulatory factors applicable to, his decision to give "appropriate weight" to the medical opinions of the state agency reviewing physicians; erred in failing to properly discuss and explain the regulatory factors

applicable to, or to state the weight given to, the opinions of
the medical expert, Dr. Curtis; and erred in wholly failing to
mention or discuss the opinions of nine other physicians and a
social worker.

With regard to the state agency consultants, the
Commissioner concedes "that the ALJ did not state what specific
weight he afforded to these opinions" (Comm'r Br., 5), and
"should have made a more specific finding regarding the medical
experts." (Comm'r Br., 7). Nonetheless, he argues the error is
harmless--impliedly because it did not have substantial influence
on the outcome of the decision or leave one in grave doubt
whether it had a substantial influence on the outcome. (Comm'r
Br., 5)(citing United States v. Wacker, 72 F.3d 1453, 1473 (10th
Cir. 1995)). The Commissioner did not explain the significance
of Wacker to the facts of this case. He did not explain how the
court might determine that the ALJ's failure to state the
specific weight given to the physicians' opinions and the ALJ's
failure to explain the rationale for that weight did not have a
substantial influence on the decision that plaintiff has the RFC
to perform jobs existing in the economy.

With regard to the opinions of the testifying medical
expert, the Commisioner "concedes that the ALJ did not explicitly
state what weight he afforded to Dr. Curtis's opinion or discuss
the factors set forth at 20 C.F.R. § 404.1527." (Comm'r. Br.,

-8-

8).  The Commissioner argues, however, that "it is clear that the ALJ afforded [Dr. Curtis's] opinion substantial weight," implying that the "failure to discuss the factors" is harmless.  (Comm'r Br., 8).  The Commissioner then argues that although the ALJ did not mention or discuss the opinions of the physicians and the social worker listed in plaintiff's brief, "it is at best unclear if any of these medical sources submitted anything that could be construed as a medical opinion," and, in any case, plaintiff "does not point to any specific opinions . . . describing Plaintiff's functional restrictions."  (Comm 'r Br., 8).

The court would note there is a basis in the evidence for the Commissioner's arguments both that there is no specific medical opinion presented from the sources listed by plaintiff, and that the statements which might be construed as medical opinions are consistent with the ALJ's RFC assessment.  However, medical opinions must never be ignored, and must be evaluated in accordance with the regulations.  20 C.F.R. § 404.1527(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2006).  The ALJ completely failed to properly evaluate <u>any</u> medical opinions, and failed to explain the weight given each opinion and his rationale for according that weight.  In these circumstances the court cannot find the errors harmless.  The decision is so deficient that the court is unable to determine the relative weight accorded each medical opinion and the basis

for assigning that weight.  In order to decide that the ALJ properly weighed the medical opinions, the court would be required to evaluate the opinions <u>de novo</u>, determine what weight should be accorded to each opinion, and determine what evidence in the record supports the weight given.  That is not the court's prerogative.  <u>White</u>, 287 F.3d at 905.  The Commissioner must make that evaluation in the first instance, and must explain his decision and the evidence supporting it with sufficient specificity "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *5).  Therefore, the case must be remanded for the Commissioner to properly evaluate the medical opinions.

Plaintiff also claims it was error for the ALJ to allow Dr. Curtis to testify as to his opinion regarding plaintiff's mental impairments because Dr. Curtis is not board certified in psychiatry.  (Pl. Br., 44); (Reply, 2, 4)(citing <u>Walker v. Barnhart</u>, No. 05-4094-JAR-JTR, 2006 WL 3798696 n.6 (D. Kan. Dec. 20, 2006))[2].  The Commissioner argues that Dr. Curtis is an "acceptable medical source" entitled to provide a medical opinion pursuant to the regulations, and although specialization is a

---

[2]Plaintiff's reply brief at page 4 erroneously cites to "2006 WL 1798696," but the court's research reveals the correct citation as noted above.

factor to be considered in weighing the opinion, plaintiff points
to no precedent establishing that a medical doctor cannot provide
an opinion regarding mental impairments.  (Comm'r Br., 5-6).

As the Commissioner argues, Dr. Curtis is an "acceptable
medical source" qualified to render a medical opinion.  Moreover,
at the hearing plaintiff made no objection to Dr. Curtis's
testifying with regard to plaintiff's mental impairments.  In
fact, plaintiff's attorney questioned Dr. Curtis concerning his
findings with respect to plaintiff's mental impairments, and made
no mention of any objection or reservation with respect to Dr.
Curtis's qualifications to render such an opinion.  (R. 671-72).
Walker, cited by plaintiff in her reply brief, is not helpful to
her position.  While the court in Walker found no error in the
ALJ's decision to discount the treating physician's opinion
because the physician was an internist, not a mental health
practitioner, the court did not require such a result, and the
plaintiff had not challenged the ALJ's determination.  Walker,
2006 WL 3798696, at *1, n.6.  On these facts, the court does not
find that the ALJ erred in allowing Dr. Curtis to opine regarding
plaintiff's mental impairments.

**IV.  Credibility Determination**

Plaintiff claims the ALJ erred in evaluating the credibility
of plaintiff's allegations of disabling symptoms.  Specifically,
plaintiff claims that in evaluating credibility the ALJ focused

on irrelevant factors which have not been approved by the Tenth
Circuit, failed to properly apply the factors considered, failed
to address certain relevant factors, improperly ignored certain
evidence, and made erroneous statements regarding the evidence.
The Commissioner argues that a mere failure to discuss all of the
regulatory and case law factors in detail is not error.  (Comm'r
Br., 12).  He concedes that it was error to cite to receipt of a
workers compensation settlement to support a finding of
incredibility, and that the ALJ erred in his factual assertions
regarding both electroconvulsive shock therapy and plaintiff's
testimony regarding concentration.  (Comm'r Br., 12).  Despite
these admitted errors, the Commissioner argues that "based on the
credibility factors properly relied upon by the ALJ, his overall
credibility analysis is supported by [other] substantial evidence
and should be affirmed."  (Comm'r Brief, 12).

    Although there may be evidence in the record which supports
the ALJ's credibility determination, the court may not affirm
that determination on a basis other than that relied upon by the
ALJ.  The court may not "create post-hoc rationalizations to
explain the Commissioner's treatment of evidence when that
treatment is not apparent from the Commissioner's decision
itself."  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir.
2005) (citing Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir.

2004); and <u>SEC v. Chenery Corp.</u>, 318 U.S. 80, 87 (1943)); <u>see also</u>, <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th Cir. 1985).

> Because a credibility assessment requires consideration of all the factors "in combination," [] when several of the factors <u>relied</u> <u>upon</u> by the ALJ are found to be unsupported or contradicted by the record, [a court is] precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.

<u>Bakalarski v. Apfel</u>, No. 97-1107, 1997 WL 748653, *3 (10th Cir. Dec. 3, 1997) (emphasis in original)(quoting <u>Huston v. Bowen</u>, 838 F.2d 1125, 1132 n.7 (10th Cir. 1988)(citation omitted)). Therefore, the case must be remanded for the Commissioner to properly evaluate the credibility of plaintiff's allegations of disabling symptoms.

Because a proper assessment of plaintiff's RFC requires a proper evaluation of the medical opinions and a proper determination of the credibility of plaintiff's allegations, the court will not consider plaintiff's arguments regarding RFC at this time. Plaintiff may make those arguments to the Commissioner on remand if she desires.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that JUDGMENT be entered REMANDING the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 6th day of June 2007, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**

-14-